BOMAR v. MEANS.

1. SUPPLEMENTAL COMPLAINT—PLEADINGS—CODE, 194, 195.—A supplemental complaint which does not change the cause of action, but which seeks a different relief from that of original complaint by means of different allegations, is permissible, under Code, 194, 195.
2. THE SUPPLEMENTAL COMPLAINT admitted in this case is consistent with the original.
3. MOTION—SUPPLEMENTAL COMPLAINT.—The motion to file supplemental complaint did not come too late, under the facts in this case.
4. IBID.—IBID.—A notice of motion for leave to file a supplemental complaint, with a copy of proposed complaint attached, sets forth specifically the proposed amendments.
5. REMEDY.—There is no reference in the "Case" to a legal remedy, but both complaints are in equity.
6. SUPPLEMENTAL COMPLAINT—CAUSE OF ACTION.—The same cause of action is set up in both complaints in this case.
7. IBID.—The facts stated in the supplemental complaint here, which were not known to plaintiffs, and some of which could not be known to them at time of filing original, entitle them to file this supplemental complaint.

Before BENET, J., Spartanburg, August, 1895.   Affirmed.

Action by Elisha Bomar, William T. Russell, Jane Holtzhouser, as administratrix of the estate of Andrew Holtzhouser, deceased, and J. A. Lee and J. Boyce Lee, partners, doing business under the name of J. A. Lee & Son, against H. F. Means, Albert G. Means, sr., Albert G. Means, jr., Sarah J. Archer, Nannie B. Means, Jessie M. Thomson, Haggie H. Chapman, Voluna L. Means, and Bessie A. Heinitsh.

The following is the original complaint, filed in 1891:

The plaintiffs above named, in behalf of themselves and of all other creditors of the defendant, A. G. Means, sr., who shall in due time come into this action and seek relief thereby, and contribute to the expenses thereof, respectfully show to the Court:

I. That on November 12, 1890, the plaintiff, Elisha Bomar, recovered a judgment in this Court against the defendant, Albert G. Means, sr., for the sum of $852.31, which was

on said day duly signed, docketed, and enrolled in the office of the clerk of this court, and execution thereupon duly issued to and lodged with the sheriff of this county; that no part thereof has been paid or satisfied; that an appeal was taken from said judgment by said defendant, which is now pending in the Supreme Court [see 35 S. C., 591]. That on April 12, 1888, the plaintiff, William T. Russell, the plaintiffs, John A. Lee and J. Boyce Lee, who were then and are still partners, doing business under the name of J. A. Lee & Son, and Andrew Holtzhouser, each recovered a judgment in this Court against the defendant, Albert G. Means, sr., viz: William T. Russell, for the sum of $388.49; J. A. Lee & Son, for the sum of $274.28; and Andrew Holtzhouser, for the sum of $758.45; that each of said judgments was on said day duly signed and docketed, and enrolled in the office of the clerk of this court, and executions were thereupon duly issued to and lodged with the sheriff of this county; that no part or either of them has been paid or satisfied; that the executions in favor of J. A. Lee & Son and Andrew Holtzhouser were long since returned by said sheriff wholly unsatisfied, and that the defendant, Albert G. Means, sr., is utterly insolvent. That each of the judgments above mentioned was a valid and subsisting lien on the property herein described; that a transcript of each of said judgments has been duly filed and docketed in the office of the clerk of court of common pleas for the county of Union, where the defendant, Albert G. Means, sr., owns a valuable tract of land, on which said judgments are liens. That executions were issued to the sheriff of said county on the three last named judgments, and were levied by him on certain personal property found on the plantation of the judgment debtor, Albert G. Means, sr. That thereupon the defendants (except the defendants, H. F. and Albert G. Means, sr.,) brought suit in the Court of Common Pleas for said county against said sheriff to recover said property, claiming to be the owners thereof under the bill of sale hereinafter mentioned. That the judgment creditors defended said action

through the sheriff, and the issue raised by them in that
action and tried was that said bill of sale was in violation
of the assignment laws of this State, and was made with in-
tent to hinder, delay, and defraud creditors, and was, there-
fore, void.    That said action was tried, and resulted in a
verdict and judgment for the sheriff, from which the plain-
tiffs in that suit·appealed to the Supreme Court, and the
appeal is still pending.    Even if said judgment is sustained,
the property therein recovered will not realize enough to
satisfy said judgments and executions.

II.  That the said Andrew Holtzhouser died on the 5th
day of April, 1890, intestate, and the plaintiff, Jane Holtz-
houser, was, by an order of the probate judge of this county,
duly appointed administratrix of his estate on the 3d May,
1890, and has entered upon the duties of said office, after
having duly qualified.

III.  That on the 4th March, 1884, the defendant, Albert
G. Means, sr., executed and delivered to his brother, the
defendant, H. F. Means, a mortgage of all that lot of land
in the city of Spartanburg, county and State aforesaid, con-
taining 2¾ acres, more or less, and bounded by Church street,
the Central Methodist Church lot, and lots formerly owned
by Mrs. M. E. Nowell and Mrs, M. E. Newell, of which said
lot the said Albert G. Means, sr., was then the owner; that
said mortgage, which purports to have been given to secure
the payment of $6,892.50, was recorded in the office of the
R. M. C. for said county in book No. 10, at page 392, on the
30th January, 1888, to the record of which plaintiffs crave
reference as often as may be necessary.    That plaintiffs are
informed and believe that large payments have been made
on the debt secured by said mortgage, but exactly how
much, or when, they do not know; and they are also informed
and believe that there is an agreement between the defend-
ants, whereby the defendant, H. F. Means, is to accept, in
full satisfaction of his debt, only a part thereof.

IV.  That plaintiffs are informed and believe that on
30th December, 1887, the defendant, Albert G. Means, sr.,

being then insolvent, and being then indebted to the plain-
tiffs on their several demands, on which the judgments
hereinbefore mentioned were recovered, with intent to evade
the provisions of the assignment laws of this State, and with
intent to hinder, delay, and defraud his creditors, made, ex-
ecuted, and delivered to one Robert Beaty, sr., who was his
father-in-law, a mortgage to secure an alleged debt of $6,000
on the lot above described, and also a bill of sale of all his
personal property (except about so much as was exempt
from execution), and also a confession of judgment in the
Court of Common Pleas for the county of Union, State
aforesaid, for the sum of $8,254.61, which said instruments,
together with the liens previously given, far more than
covered the value of all the property then owned by the
defendant, Albert G. Means, sr.   That each of the aforesaid
instruments was immediately assigned by the said Robert
Beaty, sr., to the defendants, Albert G. Means, jr., Sarah J.
Archer, Nannie B. Means, Jessie M. Thomson, Maggie H.
Chapman, Voluna L. Means, and Bessie A. Heinitsh, who
are the children of the defendant, Albert G. Means, sr., and
the grand-children of the said Robert Beaty, sr.   That the
mortgage given by the defendant, Albert G. Means, sr., to
the said Robert Beaty, sr., and by him assigned as aforesaid,
was on the 31st December, 1887, recorded in the office of
the R. M. C. for this county in book No. 10, page 317, and
is claimed by the defendants, to whom it was assigned, to
have been a lien on the property hereinbefore described.
That the assignment thereof was also recorded in said office
in book No. 9, page 701, on January 3d, 1888, and these
records plaintiffs desire to be referred to as often as neces-
sary.   That the debts alleged to have been due from the
defendant, A. G. Means, sr., to the said Robert Beaty, sr.,
and for which the said mortgage, bill of sale, and confession
of judgment are alleged to have been given, were and are
wholly pretensive and fraudulent; that the assignment of
the said instruments to the defendants above named was
without any consideration from them, and the said instru-

ments were made, taken, and assigned for the purpose and with the intent to assist the defendant, Albert G. Means, sr., to cover up and conceal his property and put it beyond the reach of his creditors, with the intent to hinder, delay, and defraud them, and to allow him, the said Albert G. Means, sr., to retain and enjoy the use of it, as he has done, just as he did before the said instruments were made. That the said Robert Beaty, sr., never had any actual or _bona fide_ interest in said instruments or the property covered by them.

V. That the defendant, H. F. Means, advertised and sold the lot hereinbefore described on salesday in November last, under and by virtue of the power contained in the mortgage to him, on terms of one-third cash, and the balance in one and two years, with interest on the credit portion from day of sale; that it brought $10,800—far more than enough to pay the debt due to the defendant, H. F. Means; and that the defendants (except the defendant, Albert G. Means, sr.,) claim the surplus proceeds of said sale, after satisfying the debt due to H. F. Means on the mortgage executed by Albert G. Means, sr., to Robert Beaty, sr., and assigned to them.

Wherefore, the plaintiffs pray for an order enjoining and restraining the defendant, H. F. Means, from paying the surplus proceeds of sale, after satisfying the debt due to himself, to any of the defendants, and that he be required to pay the same into this Court, to be applied to the valid liens upon said property, according to their priority. That the mortgage, bill of sale, and confession of judgment given to Robert Beaty, sr., by Albert G. Means, sr., assigned to the defendants named herein, be adjudged fraudulent and void, and set aside, and for such other and further relief as the facts and circumstances may require, and as to the Court may seem just and equitable.

At the July term, 1895, of the Common Pleas for Spartanburg County, the plaintiffs moved, upon due notice, for an order allowing them to amend and supplement their complaint herein, as shown by their proposed "amended

and supplemental complaint," copies of which were served with the notice of the motion.

The plaintiffs above named, by their amended and supplemental complaint, in behalf of themselves and all other creditors of the defendant, Albert G. Means, sr., who shall, in due time, come into this action and seek relief thereby and contribute to the expense thereof, allege:

I. That on November 12, 1890, the plaintiff, Elisha Bomar, recovered judgment in this Court against the defendant, Albert G. Means, sr., for the sum of $793.46, and for $58.85 costs, which was on said date duly signed, docketed, and enrolled in the office of the clerk of this court, and execution was thereupon duly issued to the sheriff of this county, but no part thereof has been paid or satisfied; that on April 12, 1888, the plaintiff, Wm. T. Russell, the plaintiffs, John A. Lee and Boyce Lee, who were then and are still partners, doing business under the name of J. A. Lee & Son, and Andrew Holtzhouser, recovered several judgments in this Court against the defendant, Albert G. Means, sr., that is to say: the said W. T. Russell for the sum of $336.22, and for $52.27 costs; the said J. A. Lee & Sons for the sum of $253.88, and for $20.40 costs; and said Andrew Holtzhouser for the sum of $785.32, and $20.15 costs. That each of said judgments was on said date duly signed, docketed, and enrolled in office of the clerk of this court; and executions thereupon were duly issued to and lodged with the sheriff of this county, and that the same have long since been returned to the office of the clerk of the court endorsed "*nulla bona*" by said sheriff, and that they remain unpaid, except as hereinafter mentioned.

II. That a transcript of each of said judgments has been duly filed and docketed in the office of the clerk of the court of common pleas for the county of Union, where the debtor, Albert G. Means, sr., owns a large and valuable tract of land, on which said judgments are liens; that executions were issued to and lodged with the sheriff of the said county of Union, on last mentioned judgments, and were levied by

him upon certain personal property found on the plantation
of said judgment debtor.    That thereupon the defendants,
except the defendants, H. F. and Albert G. Means, sr.,
brought suit in the Court of Common Pleas for said county
against said sheriff to recover said property, claiming to be
the owners thereof under the bill of sale hereinafter men-
tioned.    That said judgment creditors defended said action
through the sheriff, and that the issues raised and tried in
that action were that said bill of sale was in violation of
the assignment laws of this State, and was made with in-
tent to hinder, delay, and defraud the creditors of the said
Albert G. Means, sr., and was, therefore, void.    That said
action was tried, and resulted in a verdict and judgment in
favor of said sheriff for the recovery of said property or the
value thereof, if delivery thereof could not be made, and
for the costs of said action.    That execution was thereupon
duly issued to and lodged with the coroner of said county;
that said coroner has returned said execution to the office
of the clerk of said court wholly unsatisfied, except as to a
part of the property, which he is therein commanded to de-
liver to said sheriff.    That the part of the property so deliv-
ered to said sheriff by said coroner was sold by said sheriff
under and by virtue of the executions aforesaid levied
thereon, and after paying the expenses of setting off the
homestead of the defendant, Albert G. Means, sr., the pro-
ceeds were applied to payment of said executions, and after
such applications, there still remains due on said executions
a large amount.

III.    That the said Andrew Holtzhouser died on the 5th
day of April, 1890, intestate, and the plaintiff, Jane Holtz-
houser, was, by order of the Probate Court for this county,
duly appointed administratrix of his estate on the 3d day
May, 1890, and entered upon the duties of said office after
having duly qualified as such administratrix.

IV.    That on or about the 4th March, 1894, the defend-
ant, Albert G. Means, sr., executed and delivered to his
brother, the defendant, H. F. Means, a mortgage of all that

lot of land in the city of Spartanburg, county and State aforesaid, containing 2¾ acres, more or less, and bounded by Church street, the Central Methodist Church, and lots formerly owned by Mrs. M. E. Nowell, of which said lot the said Albert G. Means, sr., was the owner; that said mortgage purports to have been given to secure the payment of $6,892.50, and was recorded in the office of the register of mesne conveyances for this county in mortgage book No. 10, at page 392, on the 30th day of January, 1888, and to the record of which plaintiffs pray reference as may be necessary. That plaintiffs do not know what payments, if any, had been made upon said mortgage prior to sale of said lot, under the power given in said mortgage.

V. That plaintiffs are informed and believe that on or about the 30th December, 1887, the defendant, Albert G. Means, sr., who was at that time insolvent, and indebted to each of these plaintiffs on the several demands upon which the judgments hereinbefore mentioned were recovered, and also to various other persons, with intent to evade the law of the State prohibiting insolvent debtors from making preferences in any assignment of their property for the benefit of their creditors, or from transferring the whole or greater part thereof to one or more creditors, to the exclusion of all others, with intent to give a preference, and with the further intent to hinder, delay, and defraud these plaintiffs and his other creditors, made, executed, and delivered to one of his creditors, to wit: Robert Beaty, sr., who was his father-in-law, a mortgage purporting to secure an alleged debt of $6,000, and covering the lot hereinbefore described, and also a bill of sale of all his personal property (except only about so much thereof as was exempt from levy and sale), and also a confession of judgment in the Court of Common Pleas for the county of Union, State aforesaid, for the sum of $8,254.61, which said instruments, together with the liens which the said A. G. Means, sr., had already given upon his property, far more than covered the value of the property then owned by the said A. G. Means, sr., and they

were tantamount to, and intended as a transfer or assignment by, the said Albert G. Means, sr., to the said Robert Beaty, sr., of the whole or the greater part of the property of the said Albert G. Means, sr., with intent to prefer him, the said Robert Beaty, sr., over all other creditors, and with the intent to hinder, delay, and defraud his other creditors. That the said Albert G. Means, well knowing that he could not accomplish his purpose by what is known as a technical deed of assignment, deliberately devised the scheme of effecting his said purpose by means of the instruments aforesaid. That each of said instruments were immediately assigned by the said Robert Beaty, sr., to the defendants, Albert G. Means, jr., Sarah J. Archer, Nannie B. Means, Jessie M. Thomson, Maggie H. Chapman, Voluna L. Means, and Bessie A. Heinitsh, who are the children of the defendant, Albert G. Means, sr., and the grand-children of the said Robert Beaty, sr. That the mortgage given by the said Albert G. Means, sr., to the said Robert Beaty, sr., and assigned to his grand-children as aforesaid, was on December 31, 1887, recorded in the office of the register of mesne conveyances for this county in mortgage book No. 10, at page 317, and is claimed by the defendants, to whom it was assigned, to have been a lien upon the property hereinbefore described. That the assignment of said mortgage was recorded in said office in mortgage book No. 9, at page 701, on January 3, 1888, and to these records plaintiffs pray reference as often as necessary.

VI. That by far the greater part of the debts alleged to have been due from the defendant, Albert G. Means, sr., to the said Robert Beaty, sr., and for which the said mortgage, bill of sale, and confession of judgment are alleged to have been given, was, and is, pretensive and fraudulent; that the assignment of said instruments to the defendants above named was without any consideration from them, and the said instruments were made, taken, and assigned for the purpose and with the intent to give to the said Robert Beaty, sr., an unlawful preference over the plaintiffs and the other

creditors of the said Albert G. Means, sr., and to cover and conceal the property of the said defendant, and put it beyond the reach of his creditors.

VII. That on salesday in November, 1891, the defendant, H. F. Means, advertised and sold the lot hereinbefore described, under and by virtue of the power contained in his mortgage; that it brought $10,800, far more than enough to pay his mortgage in full, and that the defendants (except Albert G. Means, sr., and H. F. Means) claim the surplus proceeds of said sale after paying the debt due to the defendant, H. F. Means, on the mortgage given to Robert Beaty, sr., by Albert G. Means, sr., and assigned to them as aforesaid.

Wherefore the plaintiffs pray that the defendant, H. F. Means, be enjoined from paying the surplus proceeds of said sale to the defendants, or to any other person, and that he be required to pay the same into this Court, to be applied to the valid liens upon said property, according to their priority; that the mortgage bill of sale and confession of judgment given by Albert G. Means, sr., to Robert Beaty, sr., and assigned by him to the defendants aforesaid, be adjudged fraudulent, and void and set aside, and for such other and further relief as to the Court shall seem just and equitable.

The following is Judge Benet's order on the motion:

Upon hearing the motion of the plaintiffs herein to be allowed to file their amended and supplemental complaint, copies of which have been served upon the attorneys for the defendants, after argument of counsel for and against the motion, it is ordered, that the motion be and it is hereby granted, and that the plaintiffs have leave to file their amended and supplemental complaint herein. It is further ordered, that the defendants have twenty-five days from this day within which they may serve their answer.

The defendants (save H. F. Means) appeal from said order, upon the following grounds:

I. Because the same relief is sought in the "amended and supplemental complaint" as was sought in the first complaint, no facts having occurred since the first complaint which vary plaintiffs' relief.

II. Because the "amended and supplemental" complaint is not consistent with, and in aid of, the case as set out in the first complaint.

III. Because the motion herein was not made in good time nor upon facts warranting the same.

IV. Because the motion herein omits to set forth specially the proposed amendments.

V. Because equity is allowed to be herein invoked, whilst the plaintiffs' legal remedy is not only unexhausted, but never commenced.

VI. Because the proposed amendments substantially change the claims and case of the first complaint.

VII. Because the facts stated were known to plaintiffs at the date of the first complaint, and tend to cure a suit originally defective.

*Mr. W. W. Thompson*, for appellant, cites: 17 S. C., 23; Whit. Pr., 474; 14 S. C., 16; 21 S. C., 221; 2 Wait's Pr., 601, 654, 658; 9 Abb., 159; 6 N. Y., 97; 14 How., 187; 3 Duer, 691; 32 S. C., 303; 19 S. C., 566; 16 S. C., 197; Pom. Rem., 566; Bliss Code P., sec. 426; 19 S. C., 567; 17 S. C., 123; Wait's Anno. Code, 328; 18 S. C., 316.

*Messrs. Carlisle & Hydrich*, contra, filed no argument.

July 16, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. This cause was before this Court on a demurrer to the complaint, which, it seems, was filed in 1891, and the judgment of the Circuit Court dismissing such demurrer was affirmed. See *Bomar et al.* v. *Means et al.*, 37 S. C., 520. At the July term, 1895, of the Court of Common Pleas for Spartanburg County, the plaintiffs moved, upon due notice, for an order allowing them to amend and supplement their complaint herein, as shown by

their proposed amended and supplemental complaint, copies of which were served with the notice of the motion, and the motion came on to be heard by his Honor, Judge Benet, who, in a short order, allowed the same, with leave, however, to the defendants to answer the same twenty-five days after the date of his order, which was dated 16th August, 1895. From this order of Judge Benet all the defendants, except H. F. Means, now appeal to this Court. The Reporter will set out in the case the original complaint, a copy of which will be found in 37 S. C., 521, and also the amended and supplemental complaint, as well as the grounds of appeal from Judge Benet's order. An inspection of the two instruments will show that the plaintiffs had referred in their original complaint to an action brought by the defendants, except H. F. and A. G. Means, sr., from which an appeal was pending in the Supreme Court of this State. The proposed supplemental complaint avoids any further reference to that appeal as pending, as it had been decided adversely to the defendants here, but sets out what was the result of such action after the appeal had been dismissed. By way of amendment, it states the facts more logically, and avoids any contest with H. F. Means, by omitting the statement that he had agreed to reduce the amount of his mortgaged debt, and also it amends the statement as to the consideration between A. G. Means, sr., and Robert Beaty, by alleging, "that by far the greater part of the debts alleged to have been due from the defendant, Albert G. Means, sr., to the said Robert Beaty, * * * was and is pretensive and fraudulent," rather than as is stated in the original complaint, "that the debts alleged to have been due * * * were and are wholly pretensive and fraudulent," &c.

It seems to us that section 195 of our Code of Procedure was designed to give to the Circuit Courts just such power as was exercised by Judge Benet in allowing this supplementary complaint, and also that the section 194 fully empowered him to grant the amendments. The first exception must be overruled. It may be that a very

different measure of relief may be accorded the plaintiffs under their supplemental complaint, while the cause of action has not been changed thereby, still the relief flowing out of the cause of action may be increased by having a new point given to it. If this be so, then the objection embodied in the first exception must fail.

As to the second exception, we must frankly say that the amended and supplemental complaint is entirely consistent with and in aid of the case as is set out in the first complaint. This is readily seen by a comparison of the original with the new complaint. The purpose of the first complaint was declared in our former decision in 37 S. C., 520, and, therefore, need not be repeated here.

As to the third exception, we overrule it, for in the case itself no ground appears to give color to the charge of inexcusable delay on the part of the plaintiffs—without for a moment attaching any blame to the defendants for contending in Court for their rights as they conceive them to be, still that contention on their part is a part of their responsibility, and not justly chargeable to the plaintiffs. In order that our meaning may be made clear on this point, we will state that the records of our courts show that the delay is not wholly to plaintiffs' charge, but also rests upon the defendants in part.

So as to the 4th, 5th, 6th, and 7th exceptions—they must be overruled. Because, as to the 4th, we find in the agreed statement of facts submitted with this appeal, that a copy of the supplemental and amended complaint was served along with the notice of motion, and no such question seems to have been raised before the Circuit Judge.

Because, as to the 5th, we do not find any reference in the case for appeal to any such question being raised before the Circuit Judge; and besides, the action, as is shown by each complaint, both original and new, is on the equity side of the Court.

Because, as to the 6th, the same cause of action is set up in each of the complaints.

Because, as to the 7th, it does not appear in the case for appeal that these facts set up by plaintiffs in their new complaint were known to them when the original complaint was filed. Such could not have been the case as to the result of appeal to this Court, for it was not then decided, and such is true of other facts set out in the supplemental and amended complaint.

It is the judgment of this Court, that the order appealed from be affirmed, and the cause be remanded to the Circuit Court for such further proceedings as are necessary.